

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON LOTT | § | |
|     Plaintiff, | § | |
| VS. | § | NO. 3-08-CV-1234-BD |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Don Lott seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

### I.

Plaintiff alleges that he is disabled due to a variety of ailments, including arthritis and kidney stones. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on November 6, 2007. At the time of the hearing, plaintiff was 49 years old. He has a tenth grade education and past work experience as a grounds keeper, a parking lot attendant, a cook, and a custodian. Plaintiff has not engaged in substantial gainful activity since August 3, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from synovial thickening in some of the joints of the right hand with mildly reduced grip strength, hypertension, elevated liver

enzymes, gastritis, and multiple arthralgias, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a toll collector, a photo machine operator, and a collator -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In a single ground for relief, plaintiff contends that the ALJ did not properly evaluate the severity of his hand impairments which, in turn, affected the determination of his residual functional capacity.

### A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant

is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that pain and other limitations associated with arthritis in his hands limit his ability to perform fingering and handling tasks and, thus, preclude him from working as a toll collector, a photo machine operator, or a collector--jobs which require frequent handling and occasional or frequent fingering. (*See* Plf. MSJ Br. at 3, 6). At the administrative hearing, plaintiff testified that he is unable to perform any fingering or handling tasks because his fingers cramp and become disfigured, causing him to drop things. (Tr. at 284, 294-95). Plaintiff further stated that he cannot lift more than 15 pounds or reach overhead without experiencing pain, that pain interferes with his ability to concentrate, and that none of the medications prescribed by his doctor provide adequate relief. (*Id.* at 286, 289-92, 295, 299-300). The ALJ rejected plaintiff's testimony

concerning the intensity, persistence, and limiting effects of his symptoms as "not entirely credible." (*Id.* at 25). Specifically, the ALJ explained:

> The claimant currently does not require prescription pain medication for relief of pain and states that he finds relief of pain with over-the-counter Aleve. He stopped taking prescription medications because he felt they interfered with his ability to sleep; however, there is no indication that he ever complained of this problem to any of the doctors he has seen. The claimant has never had a physical problem that required inpatient hospitalization or surgery . . . . His primary complaints seem to involve joint pain and tension headaches. The only objective finding of any problem with the claimant's hands was the finding by the consultative examiner that the claimant had synovial thickening in proximal interphalangeal joint and DIP joints. He also exhibited a mildly weak grip. Dr. Farooq found no swelling or redness in any of the claimant's joints . . . . According to [the claimant's] statements in the Daily Activity Questionnaire, he spends his time running errands for his fiancé. While the claimant may have difficult [sic] lifting 25 to 50 pounds or using a paint brush all day, there are certainly other types of work he is capable of performing. Accordingly, I find that the credible medical and other evidence establish that the claimant has had a residual functional capacity for restricted light work activity at all times relevant to this decision, and claimant's testimony is found credible in supporting symptomatology only to that extent. If the claimant is later diagnosed with an impairment of the bilateral upper extremities, he is free to reapply for disability insurance benefits and supplemental security income payments.

(*Id.*) (internal citations omitted). The ALJ ultimately determined that plaintiff's ability to perform the full range of light work is reduced only by "the requirement of a sit/stand option and inability to use his upper extremities on more than a frequent but not constant basis." (*Id.* at 23).

The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186 at *2 (Jul. 2, 1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and limiting

effects of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R. § 404.1529. In addition to objective medical evidence, the ALJ should consider the following factors in assessing the claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at *3. Although the ALJ must give specific reasons for his credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F.Supp.2d 863, 871 (E.D. Tex. 2005), *citing Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001).

Here, the ALJ cited to the applicable regulations, summarized the evidence, and articulated legitimate reasons for finding that plaintiff's testimony was "not entirely credible." Although a state agency physician found that plaintiff was limited to performing fine manipulation tasks, such as fingering, on only an occasional basis, (*see* Tr. at 200), the ALJ was not required to accept that

finding. *See Gonzales-Sargent v. Barnhart*, No. SA-06-CA-0355-XR, 2007 WL 1752057 at *8 (W.D. Tex. Jun. 15, 2007), *citing* 20 C.F.R. § 404.1527(f)(2)(I) (ALJ not bound by findings made by state agency medical consultants, but must consider such findings as opinion evidence). Further, the opinion of a non-examining physician will not provide substantial evidence to support a disability determination if it either contradicts or is unsupported by the findings of an examining physician. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990); *Eaves v. Secretary of Health and Human Services*, 877 F.Supp. 334, 344 (E.D. Tex. 1995). In this case, plaintiff was examined by Dr. Hassan Farooq on August 3, 2005. (Tr. at 195-96). The examination revealed that plaintiff had synovial thickening in the proximal interphalangeal joint and DIP joints of both hands, but only mild weakness in grip strength and no swelling of the joints. (*Id.* at 196). Other than this mild weakness in grip strength, no functional limitations in plaintiff's ability to use his hands or to perform fingering activities were noted. Nor does any other medical evidence in the record suggest that plaintiff's hand impairments are more limiting than found by the ALJ. Thus, the ALJ used the proper legal standards in evaluating and assessing plaintiff's manipulative limitations.

Plaintiff also points to alleged inconsistencies in the hearing decision regarding his ability to perform fingering activities. Although the ALJ determined that plaintiff could use his upper extremities "on more than a frequent but not constant basis," (*see id.* at 23), the judge also found that plaintiff "is more severely limited by his impairments than was previously determined" by the state agency physician, who opined that plaintiff could only occasionally perform fine manipulation tasks. (*See id.* at 26, 200). When the hearing decision is read in its entirety, there is nothing inconsistent about these statements. In discussing plaintiff's residual functional capacity, the ALJ wrote:

> I have considered the findings of the State Agency Medical Consultants. They found on August 25, 2005 and January 25, 2006, that the claimant could perform light work activity as long as he

> limited climbing to an occasional basis and never attempted to climb ladders, ropes or scaffolds. They further found that the claimant would have to limit fine finger manipulation to an occasional basis. Pursuant to 20 C.F.R. §§ 404.1527 and 416.927 and Social Security Ruling 96-6p, these opinions must be addressed as opinion evidence from non-examining sources. However, my review and interpretation of the record, including additional evidence received during the development of this claim at the adjudicative level, justifies a conclusion that the claimant is more severely limited by his impairments than was previously determined.

(Tr. at 26) (internal citations omitted). The judge went on to conclude that plaintiff's ability to perform the full range of light work activity was limited in *two respects*: (1) the requirement of a sit/stand option; and (2) the inability to use his upper extremities on more than a frequent but not constant basis. (*Id.* at 23). The additional restrictions on light work activity imposed by the ALJ explain why plaintiff is "more severely limited by his impairments than was previously determined" by the state agency physician, who found that plaintiff could sit and stand for six hours in an eight-hour work day and was not limited in his ability to reach or handle objects. (*See id.* 198, 200). No error occurred in this regard.

## CONCLUSION

The hearing decision is affirmed in all respects.

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE